Andrew T. Archer, Esquire
175 Richey Avenue
Collingswood, NJ  08107
(856) 963-5000
Attorney for Debtor(s)
005272008

|  |  |
|---|---|
| In Re: | : Bankruptcy Division<br>: United States Bankruptcy Court<br>:<br>: District of New Jersey<br>: Bankruptcy No. 19-16657<br>:<br>: Chapter 13<br>:<br>: Judge:  Andrew B. Altenburg, Jr.<br>: |
| Lori K. Valentine,<br><br>Debtor(s). |  |

# OPPOSITION TO MOTION TO VACATE ORDER GRANTING LOSS MITIGATION

I, Lori K. Valentine, debtor in this case, submit this Opposition to my mortgage company's motion to vacate order granting loss mitigation.

1. I am fully familiar with the facts set forth below.
2. I am in the process of applying for a loan modification through the Court's Loss Mitigation Program which I was admitted to on September 3, 2019 via motion.
3. The Order allowing for Loss Mitigation requires adequate protection payments in the amount of $648.27 each month.
4. The Loss Mitigation Program and Procedures page 5, Section VII Duties of the Loss Mitigation Parties, Paragraph B states that, "the debtor must make adequate protection payments to the creditor in an amount that is at least 60% of the monthly principal and interest payment that is contractually due, plus 100% of any required monthly escrow payment"
5. The secured creditor filed a Proof of Claim stating a monthly payment of $1,080.45 with no escrow amount.  See attached exhibit "A", Proof of Claim filed by Wilmington Savings Fund Society.  60% of $1,080.45 is $648.27 which is the amount listed on the Order Granting Motion to Engage in Loss

    Mitigation After the Time Prescribed. See attached Exhibit "B".

6. Therefore, the fact that the adequate protection payments is insufficient to protect the position of first mortgage holder and insufficient in light of the total debt owed is moot.

7. Furthermore, this is a Motion to Vacate Order Granting Loss Mitigation,

> Federal Rule 60, Relief from a Judgement or Order clearly states: Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> Rule 59 – New Trial; Altering or Amending a Judgment
> (a) In General.
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Counsel has not proven any of these reasons to be provided the relief requested.

8. The Order Granting Motion to Engage in Loss Mitigation After the Time Prescribed was entered on September 3, 2019, the Certification of Counsel in Support of Motion Vacate Order Granting Loss Mitigation states that a denial letter was sent to me on September 4, 2019 based on my petition and not an application. This also would be a mere 24 hours after that entry of the Order Allowing for Loss Mitigation.

9. According to Loss Mitigation Program and Procedures on page 5, Section VII Duties of the Loss Mitigation Parties, Paragraph A that states "The Loss Mitigation Parties shall negotiate in good faith. A party that fails to participate in loss mitigation in good faith may be subject to sanctions."  In my opinion, reviewing a petition and not an actual application and denying an application in less than 24 hours is not acting in good faith.

10. Neither my attorney's office nor I received a denial letter on or around September 4, 2019, nor is a denial letter attached as an exhibit to creditors motion.

11. Furthermore, my attorney's office did not submit an application via the DMM Portal until September 16, 2019.  How could my application be denied prior to submission?  See attached exhibit "C", submission on DMM Portal.  Is the Secured Creditor going to now act in good faith and review the complete application supplied in accordance with the loan modification requirements?

12. Certification of Counsel in Support of Motion Vacate Order Granting Loss Mitigation states that the Secured Creditor is entitled to attorneys' fees pursuant to 11 U.S.C. §1322 (e).  11 U.S.C. §1322 (e) states "

> Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325 (a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

I am not even sure how counsel is alleging any relevance to this situation and therefore, attorneys' fees should be denied.

13. I am respectfully requesting that the Court allow me to remain in the loss mitigation program and have my application properly reviewed.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 1, 2019                                         /s/ Lori K. Valentine
                                                                              Debtor