Order Filed on July 27, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATED BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption is in Compliance with D.N.J.L.BR. 9004-1
Lavin, Cedrone, Graver, Boyd & DiSipio
1300 Route 73, Suite 307
Mt. Laurel, New Jersey 08054
Regina Cohen, Esquire
Attorneys for Ally Capital
rcohen@lavin-law.com

*In Re:*

LORI K. VALENTINE

Debtor

Case No.: 19-16657(ABA)

Hearing Date: N/A

Judge: Andrew B. Altenburg Jr.

Chapter: 13

## CONSENT ORDER RESOLVING
## CREDITOR, ALLY CAPITAL'S MOTION FOR RELIEF FROM STAY

The relief set forth on the following page, numbered two (2) through four (4) is hereby ORDERED.

**DATED: July 27, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

(Page 2)
Debtor: Lori K. Valentine
Case No.: 19-16657(ABA)
Caption of Order:   CONSENT ORDER RESOLVING CREDITOR, ALLY CAPITAL'S
MOTION FOR RELIEF FROM STAY

This Consent Order is entered into by and between the Debtor Lori K. Valentine, by and through her counsel, Andrew Thomas Archer, Esquire, and the Law Offices of Brenner Spiller & Archer and Ally Capital, by and through its counsel, Regina Cohen, Esquire and the Law Offices of Lavin, Cedrone, Graver, Boyd & Disipio, in order to resolve Ally Capital's Motion for Relief from Stay filed with this Court on June 28, 2021.

Lori Valentine (the "Debtor") financed the purchase of a 2013 Chevrolet Equinox, VIN: 2GNALBEK7D6257257 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated June 21, 2016 (the "Contract") which has been assigned to Ally Capital.

Pursuant to the Contract, Ally Capital maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

The Debtor desires to retain possession of the Vehicle and provide adequate protection for Ally Capital's interest in the Vehicle.

It is hereby stipulated and agreed by and between Debtor and Ally Capital as follows:

**ORDERED** that the Debtor is $4,410.78 in arrears through and including the July 10, 2021 due payment. The Debtor acknowledges her account is in arrears in the amount of $4,410.78 through and including the July 10, 2021 due payment.

**ORDERED** that the Debtor is paying the arrears in the amount of $4,410.78 along with $500.00 attorney fees and costs through the Chapter 13 Plan for a total payment of $4,910.78. Debtor shall amend her plan within thirty (30) days to include this amount.

Case 19-16657-ABA    Doc 83    Filed 07/27/21    Entered 07/27/21 13:48:02    Desc Main
Document    Page 3 of 4

(Page 3)
Debtor: Lori K. Valentine
Case No.: 19-16657(ABA)
Caption of Order: CONSENT ORDER RESOLVING CREDITOR, ALLY CAPITAL'S MOTION FOR RELIEF FROM STAY

**ORDERED** that the Debtor shall resume making regular monthly contractual payments in the amount of $269.31 each, commencing with the payment due on or before August 10, 2021. Pursuant to the Contract, a late charge may be assessed for any payment not received in full within ten (10) days after it is due. Said payments shall be forwarded to: Ally Capital, Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

**ORDERED** that all payments shall be made payable to Ally and include Debtor's account number.

**ORDERED** that the Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally under the Contract are paid in full.

**ORDERED** if Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make payments within ten (10) days of due date, or if Debtor fails to make trustee payments when due, Ally will give Debtor and Debtor's counsel notice by facsimile, first class mail or e-mail. Debtor will have ten (10) days to bring the account current. If the account is not brought current within the ten (10) day period, Ally Capital may be granted relief from the automatic stay imposed by 11 U.S.C. §362 with respect to the Vehicle as to the Debtor as to the vehicle upon filing a Certification of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtor, Debtor's counsel and Chapter 13 Trustee. It is also expressly understood that the notice and cure period provided herein, only applies with respect to Ally Capital's ability to obtain relief from the automatic stay in this bankruptcy case and does not in any way apply to or restrict Ally Capital's ability to pursue its rights pursuant to the Contract.

(Page 4)
Debtor: Lori K. Valentine
Case No.: 19-16657(ABA)
Caption of Order: CONSENT ORDER RESOLVING CREDITOR, ALLY CAPITAL'S MOTION FOR RELIEF FROM STAY

**ORDERED** that if for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

**ORDERED** that this Consent Order may be executed by facsimile and such facsimile signatures shall be deemed as originals.

**ORDERED** that the signature pages of this Consent Order may be executed in counterpart and all such signature pages, when attached, shall become part of the original Consent Order.

| | |
|---|---|
| /s/ Regina Cohen | [signature] |
| Regina Cohen, Esquire | Andrew Thomas Archer, Esquire |
| Attorney for Ally Capital | Attorney for Debtor |

2262009v1